IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES and SHARON HAYNE,

        Plaintiffs,

    v.                                             Case No. 09-2202-JWL-GLR

GREEN FORD SALES, INC.,

        Defendant.

## **MEMORANDUM AND ORDER**

Plaintiffs assert claims for breach of implied warranty of merchantability and violations of the Kansas Consumer Protection Act that allegedly arise from their purchase of a motor vehicle from Defendant. This matter comes before the Court upon two motions: Plaintiffs' Motion to Strike Affirmative Defenses and to Compel Discovery (doc. 18) and Motion for Sanctions and to Pay Plaintiffs' Costs and Attorney's Fees (doc. 20). In the former motion Plaintiffs move to compel Defendant to answer two interrogatories, pursuant to Fed. R. Civ. P. 37(a), and to strike eight of its affirmative defenses under Fed. R. Civ. P. 12(f). Plaintiffs also request sanctions under Fed. R. Civ. P. 11, based upon Defendant's failure to withdraw its affirmative defenses. They also seek reasonable expenses incurred upon the motion to compel. As set forth below, the Court grants the motion to strike affirmative defenses and denies the motions to compel and for sanctions.

## I. Motion to Strike Affirmative Defenses

Plaintiffs ask the Court to strike Defendant's affirmative defenses numbered 2 through 9. They include the following: statute of limitations, contributory negligence, failure to mitigate damages, assumption of risk, superceding/intervening act, waiver, failure to use product in manner designed or intended, and estoppel. Plaintiffs argue that these affirmative defenses should be stricken, pursuant to Fed. R. Civ. P. 12(f), as insufficient. They contend the defenses lack any factual basis and that answers by Defendant to interrogatories show it had no reasonable basis for asserting them. Plaintiffs suggest that Defendant may assert only those affirmative defenses for which it has a reasonable factual basis. Without knowing the factual basis, Plaintiffs argue they cannot properly respond to the affirmative defenses or begin discovery. They also contend that some of the affirmative defenses seem wholly inapplicable to this case. Specifically, they suggest that affirmative defense 8, that the product was not used in a manner designed or intended, appears to be a defense against products liability.

Defendant argues that its present inability to provide complete responses to the interrogatories, which seek its factual contentions for the affirmative defenses, does not warrant striking them. It states it has not had an opportunity to inspect the vehicle at issue because it is located in South Dakota. Defendant further states that it must depose Plaintiffs to determine whether their actions contributed to their damages. It contends that all the interrogatories will require it to pursue similar investigation.

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense." A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances.[1] Motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits.[2] The decision to strike an affirmative defense rests within the sound discretion of the district court.[3] Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.[4]

Fed. R. Civ. P. 8(b) governs the pleading of defenses, instructing that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it."[5] Rule 8(c) specifically addresses affirmative defenses and imposes the additional requirement that a party "affirmatively state any avoidance or affirmative defense."[6] In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a

---

[1] *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993); *United States ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009); *Wilhelm v. TLC Lawn Care, Inc*., No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008).

[2] *Resolution Trust Corp. v. Thomas*, No. 92-2084-GTV, 1995 WL 261641, at *1 (D. Kan. Apr. 25, 1995) (citing 5A C. Wright & A. Miller, Federal Practice & Procedure § 1381, at 678 (1990)).

[3] *Id.*

[4] *Tri-State Realty Investors of K.C.*, 838 F. Supp. at 1450.

[5] Fed. R. Civ. P. 8(b)(1)(A).

[6] Fed. R. Civ. P. 8(c)(1).

"short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests.[7]

Although neither party has directly referred to it, the motion to strike raises the issue as to what pleading standard applies to affirmative defenses. Before 2007, the pleading standard for "claims for relief" was set forth in *Conley v. Gipson*.[8] Under *Conley*'s notice pleading standard, courts could grant motions to dismiss a claim for relief only when "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief."[9] In 2007, the Supreme Court, in *Bell Atlantic Corp. v. Twombly*,[10] departed from the *Conley* standard and introduced the plausibility standard. Under *Twombly*, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11] The Court further described the pleading specificity standard, stating that a pleading "does not need detailed factual allegations," but does need to provide the grounds for entitlement to relief

---

[7]*See, e.g., Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-2046-JWL, 2008 WL 4171595, at *1 (D. Kan. Sept. 8, 2008) (affirmative defense that defendant and its products "are licensed, expressly or impliedly" did not sufficiently state an affirmative defense under Rule 8); *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008); *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 618 (D. Kan. 2006) (citing *Resolution Trust Corp. v. Thomas*, No. 92-2084-GTV, 1993 WL 501116, at *5 (D. Kan. Nov. 18, 1993)).

[8]355 U.S. 41, 45-46 (1957).

[9]*Id.*

[10]550 U.S. 544, 570 (2007).

[11]*Id.*

and requires "more than labels and conclusions."[12] Subsequently in 2009, in *Ashcroft v. Iqbal*,[13] the Supreme Court clarified that the *Twombly* decision was based on its interpretation and application of Fed. R. Civ. P. 8, which governs the pleading standard in all civil actions.

Since the Supreme Court's decisions in *Twombly* and *Iqbal*, several courts have addressed whether the new pleading standard applies to affirmative defenses. A few courts have rejected the heightened pleading standard for affirmative defenses.[14] The majority of courts addressing the issue, however, have applied the heightened pleading standard announced in *Twombly*, and further clarified in *Iqbal*, to affirmative defenses.[15]

---

[12]*Id.* at 555.

[13]129 S. Ct. 1937, 1949 (2009).

[14]*See First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009) (finding *Twombly*'s analysis of the "short and plain statement" requirement of Fed. R. Civ. P. 8(a) inapplicable to affirmative defenses); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) (declining to apply *Twombly* to either affirmative defenses or general defenses).

[15]*See CTF Dev., Inc. v. Penta Hospitality*, LLC, No. C 09-02429 WHA, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *Tracy ex rel. v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150, at *7-8 (W.D.N.Y. Sept. 30, 2009) (striking affirmative defenses pled in simply conclusory terms, unsupported by any factual allegations, as "plainly deficient under the *Iqbal* standard"); *FDIC v. Bristol Home Mortg. Lending, LLC,* No. 08-81536-CIV, 2009 WL 2488302, at *2-4 (S.D. Fla. Aug. 13, 2009) (applying *Twombly* to affirmative defenses); *Teirstein v. AGA Medical Corp.*, No. 6:08cv14, 2009 WL 704138, at *6 (E.D. Tex. Mar. 16, 2009) (affirmative defenses subject to same pleading standards as complaints and counterclaims); *Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-cv-335-jps, 2008 WL 4443805, at *1-2 (W.D. Wis. Sept. 25, 2008) (defendant's affirmative defenses, characterized as legal theories with implied elements, failed to comply with Rule 8 and failed to provide sufficient notice of the grounds for them); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc*., No. 05-CV-0233-WWJ, 2008 WL
(continued...)

In *United States v. Quadrini*,[16] the Eastern District of Michigan court specifically addressed whether *Twombly*'s standard for pleading sufficiency applied to pleading affirmative defenses. It reasoned that:

> This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a "reasonably founded hope" of success, cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge. Thus, a wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a "reasonably founded hope" of success.[17]

In this case, the Court agrees with the reasoning of the courts applying the heightened pleading standard to affirmative defenses. It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of

---

[15](...continued)
4391396, at *1 (W.D. Tex. Sept. 22, 2008) (applying *Twombly* pleading specificity standard to affirmative defenses); *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (holding that the *Twombly* plausiblity standard applies in the context of a defendant asserting an affirmative defense); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *2, (S.D. Fla. May 28, 2008) (citing *Twombly* as support for the proposition that a defendant must "alleg[e] facts as part of the affirmative defenses" and granting plaintiff's motion for a more definite statement); *United States v. Quadrini*, No. 2:07-CV-13227, 2007 WL 4303213, at *3-4 (E.D. Mich. Dec. 06, 2007) (applying heightened pleading standard to defendants in pleading affirmative defenses).

[16] 2007 WL 4303213, at *4.

[17] *Id.*

possibility that it may apply to the case. Moreover, Fed. R. Civ. P. 8 is consistent in at least inferring that the pleading requirements for affirmative defenses are essentially the same as for claims for relief. Although Rule 8(c) for affirmative defenses does not contain the same language as 8(a)(2), requiring "a short and plain statement of the claim," 8(b)(1)(A) nevertheless does require a defendant to "state in short and plain terms its defenses to each claim." The sub-heading for Rule 8(b)(1), moreover, is "Defenses; In General." Rule 8(c)(1) provides a helpful laundry list of commonly asserted affirmative defenses to emphasize that avoidances and affirmative defenses must indeed be pleaded to be preserved. Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply.

The Court recognizes that parties do not always know all the facts relevant to their claims or defenses until discovery has occurred. The Federal Rules of Civil Procedure contemplates that motions to amend pleadings may be appropriate, based upon facts first learned during discovery. Such pleadings may indeed raise additional claims or additional defenses.

The Court does not suggest that heightened pleading requires the assertion of evidentiary facts. A minimal statement of only ultimate facts should suffice. In this regard, the Court notes the specific affirmative defenses addressed by the motion to strike. The Answer of Defendant asserts them as follows:

2. Plaintiffs' action fails in that it was not commenced within the applicable statute of limitations.

3. Defendant states that if Plaintiffs were damaged as alleged, which is specifically denied, then all such damage was caused or contributed to be caused by the negligence or fault of others over whom Defendant has no control nor right to control, including but not limited to the Plaintiffs in this action, which should be compared to, diminish or bar Plaintiffs' recovery.

4. Defendant states that if Plaintiffs were damaged as alleged, which is specifically denied, then Plaintiffs failed to mitigate their damages.

5. Defendant states that Plaintiffs are barred from recovery because Plaintiffs assumed the risk of any injury they may have sustained.

6. Defendant states that if Plaintiffs were damaged as alleged, which is specifically denied, then all such injury or damage was caused or contributed to be caused by a superceding or intervening act or event.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

8. Plaintiffs' claims are barred, in whole or in part, because they did not use the products in the manner in which they were designed or intended.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

Without ruling at this point what may or may not be sufficient pleading for this particular case, the Court nevertheless makes the following observations about the answer of the Defendant: Defense No. 2 asserts "the applicable statute of limitations," without referring to any dates or time period. Defense 3 asserts comparative negligence of "others," without any identification of who they may be, either by name or by some description. Defense 4 refers to a failure to mitigate damages, without any suggestion of what plaintiff failed to do. Defense 5 pleads assumption of risk, without any statement as to what plaintiff did to assume the risk. If the intent is simply to assert negligence of the plaintiff, the defense simply repeats the allegation of comparative negligence and would appear to be redundant. Defense 6 pleads an intervening cause with no description of what it is. Defense 7 pleads

waiver with no recitation as to what plaintiff signed or otherwise did to create a deliberate relinquishment of his claim. Defense 8 alleges that plaintiff misused "the products," without any statement of what constituted such misuse. Defense 9 pleads estoppel, without any statement of the conduct of Plaintiff upon which Defendant somehow relied to its detriment.

To meet the standard of heightened pleading, the allegations should be simple and brief.[18] Parties and counsel may find it helpful to review the Appendix of Forms to which Rule 84 refers. Paragraph 6 of Form 30, for example, suggests that a defense of limitations might be asserted by alleging the number of years between the accrual of the claim and the commencement of the action. Such allegation shows that the pleader at least has some valid premise for asserting the defense and is not merely tossing it into the case like a fish hook without bait.

Based on a review of the affirmative defenses set forth in Defendant's Answer, the Court finds that affirmative defenses numbered 2 through 9 are insufficient under the *Twombly* standard so as to warrant striking them. These defenses are too conclusory to give Plaintiffs fair notice of the grounds upon which they rest. The Court will therefore sustain the motion to strike affirmative defenses 2 through 9, but will grant Defendant leave to amend its answer to cure the pleading defects pursuant to Fed. R. Civ. P. 15(a)(2). The majority of cases applying the *Twombly* pleading standard to affirmative defenses and striking those defenses have permitted the defendant leave to amend. Defendant shall have

---

[18]Fed. R. Civ. P. 84.

until **January 19, 2010** to file an amended answer to adequately plead its affirmative defenses 2 through 9.

## II.     Motion to Compel Discovery

Plaintiffs also move to compel Defendant to answer Interrogatories 6 and 7, pursuant to Fed. R. Civ. P. 37(a). Interrogatory No. 6 seeks information as follows:

> For each person to whom you have sold a used vehicle at any time from five years prior to the date of sale of the truck to the plaintiffs herein to the date of your answer to this interrogatory, and from which sale you have had a complaint or inquiry concerning the condition of the vehicle and an allegation that you failed to disclose a condition in the vehicle prior to sale, state:
> a.    The identity of the buyer of the vehicle;
> b.    A description of the vehicle;
> c.    The identity of all representatives of Green Ford Sales, Inc, involved in the sale transaction;
> d.    A description of the complaint; and
> e.    Disposition of the complaint.

Interrogatory No. 7 seeks information as follows:

> If any claim has made against you arising out of the sale of a used vehicle at any time from five years prior to the date of your sale of the truck to the plaintiffs herein to the date of your answer of this interrogatory, state:
> a.    The identity of the person or persons making the claim;
> b.    The allegations made against you in the claim; and
> c.    The disposition of the claim.

Defendant contends that the motion to compel should be denied because Plaintiffs failed to adequately confer before filing the motion, as required by Fed. R. Civ. P. 37(a)(2) and D. Kan. Rule 37.2. It points out that the attorney for Plaintiffs merely wrote a letter to defense counsel. When Defendant responded with a proposed compromise, Plaintiffs never

communicated further and instead filed their instant motion to compel. Defendant further contends no phone calls were made to discuss their differences.

### A. Duty to Confer

Federal Rule of Civil Procedure 37(a) requires that a party moving to compel discovery include in its motion a certification that it has in good faith conferred or attempted to confer with its opposition in an effort to secure the discovery without court action. D. Kan. Rule 37.2 similarly provides that "[t]he court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." A "reasonable effort to confer" means more than mailing, faxing, or e-mailing a single letter to the opposing party; it requires that the parties "in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[19]

Plaintiffs state in their motion that they have attempted informally to obtain proper answers to the interrogatories and to encourage Defendant to withdraw its affirmative defenses without court involvement. Plaintiffs have attached their golden rule letter of their counsel dated September 18, 2009, which asks Defendant to withdraw its objection and answer Interrogatories 6 and 7. They have also attached the letter of September 28, 2009, the response by defense counsel to their letter.

---

[19]D. Kan. Rule 37.2.

Based upon the reported conferring efforts set forth in the motion, the Court finds that Plaintiffs have not satisfied their duty to confer, as required by Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.2. With regard to their conferring efforts prior to filing this motion, Plaintiffs report that they sent Defendant a golden rule letter asking it to withdraw its objection and answer to interrogatories 6 and 7. They also attach Defendant's response to their letter, which states, in pertinent part, that:

> I am willing to withdraw the objection and provide a description of the complaints, should they exist, the disposition of the complaints, and a description of the vehicle at issue. If, after such information is provided, you determine that the issues presented by the complaint are somehow relevant to your case, I would then be prepared to entertain providing the identification of the buyer of the vehicle and the representatives of Green Ford Sales involved in the transaction.

After receiving this letter, Plaintiffs did not respond to the proposal by Defendant. They instead filed the instant motion to compel answers to interrogatories 6 and 7 on October 8, 2009. Plaintiffs do not dispute the statement in the response brief of Defendant, that no phone calls were made to further discuss their differences. The conferring efforts thus fell short of the requirement that counsel in good faith "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." Plaintiffs have not shown that they made reasonable efforts to confer prior to filing their motion to compel. Accordingly, the Court denies the motion to compel responses to Interrogatories 6 and 7.

### III. Motion for Sanctions and to Pay Plaintiffs' Costs and Attorney's Fees

Plaintiffs have also moved for sanctions under Fed. R. Civ. P. 11 for the failure by Defendant to withdraw its affirmative defenses and for their reasonable expenses incurred

upon their motion to compel discovery. As set forth above, the Court has sustained the motion to strike the affirmative defenses. It has denied the motion to compel answers to interrogatories. The Court does not find that sanctions should be awarded, either under Rule 11 or under Rule 37(a). The Court denies the motion.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Strike Affirmative Defenses and to Compel Discovery (doc. 18) is granted. The motion to strike affirmative defenses 2 through 9 is granted. Defendant, however, is granted leave to file an amended answer by **January 19, 2010** to remedy the deficiencies noted in these affirmative defenses. The motion to compel is denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Sanctions and to Pay Plaintiffs' Costs and Attorney's Fees (doc. 20) is denied.

Dated this 22nd day of December 2009, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge